WILLIAM I. WATT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Watt v. Commissioner
Docket No. 8606-77.
United States Tax Court
T.C. Memo 1980-475; 1980 Tax Ct. Memo LEXIS 114; 41 T.C.M. (CCH) 251; T.C.M. (RIA) 80475; October 22, 1980, Filed William I. Watt, pro se. William S. Miller, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency of $1,660.64 in petitioner's Federal income tax for his taxable year 1975. The sole issue for our decision is whether $6,760 paid by petitioner to his former wife in 1975 constitutes *115 deductible alimony under section 215, Internal Revenue Code of 1954. [1]
FINDINGS OF FACT Petitioner William I. Watt (herein petitioner) filed his Federal income tax return for his taxable year 1975 with the Internal Revenue Service Center, Andover, Massachusetts. He resided in Rochester, New York, when he filed his petition herein. Petitioner married Jessie Watt (herein Jessie) on February 28, 1948, in Rochester, New York. On February 4, 1975, they were adjudged divorced by order of the Supreme Court, County of Monroe, State of New York. In the order of divorce, all matters of support and maintenance were referred to the Family Court of the State of New York for final determination. No support obligations were imposed upon petitioner under the divorce decree or under any written instrument incident to the divorce. In January of 1975, petitioner and Jessie entered into an oral agreement whereby petitioner would pay $130 per week to Jessie as "alimony." During 1975, petitioner made payments to Jessie totaling $6,760, which payments were not made pursuant to a written *116 separation agreement or decree of divorce. On February 8, 1977, the Supreme Court, County of Monroe, State of New York, entered an order requiring petitioner to pay Jessie $130 per week for her support and maintenance. This order contained no wrods purporting to make it retroactively effective. Petitioner deducted the amounts paid to jessie on his 1975 Federal income tax return as alimony. The Commissioner disallowed the deduction and determined a deficiency based upon such disallowance. OPINION Section 215 allows as a deduction amounts includable under section 71 in the gross income of the payor's wife (see section 7701(a)(17)) payment of which is made within the husband's taxable year. Thus, to determine whether the amounts paid by petitioner in 1975 are deductible by him in that taxable year, we must determine whether they were includable in Jessie's gross income. Section 71 provides, in pertinent part: (a) GENERAL RULE.-- (1) DECREE OF DIVORCE OR SEPARATE MAINTENANCE.--If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular *117 intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. (2) WRITTEN SEPARATION AGREEMENT.--If a wife is separated from her husband and there is a written separation agreement executed after the date of the enactment of this title, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such agreement is executed which are made under such agreement and because of the marital or family relationship (or which are attributable to property transferred, in trust or otherwise, under such agreement and because of such relationship). This paragraph shall not apply if the husband and wife make a single return jointly. (3) DECREE FOR SUPPORT.--If a wife is separated from her husband, the wife's gross income includes periodic payments (whether or not made at regular intervals) received by her after the date of the enactment of this title from her husband under *118 a decree entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance. This paragraph shall not apply if the husband and wife make a single return jointly. Petitioner does not fall within the language of any of these subsections. Subsections (1) and (3) of section 71(a) require the payments to be made under a court decree or written instrument incident to the divorce. The payments made by petitioner in 1975 were not made pursuant to any such decree or written instrument. The February 8, 1977, decree did not purport to be retroactive, thus mooting any questions about the possible efficacy of any such decree. Cf. Newman v. Commissioner, 68 T.C. 494 (1977); Johnson v. Commissioner, 45 T.C. 530 (1966); Daine v. Commissioner, 9 T.C. 47 (1947), affd. 168 F.2d 449 (2d Cir. 1948). Subsection (2) of section 71(a) requires a written separation agreement. No such agreement here existed. Thus, the payments made by petitioner in 1975, though they were clearly periodic and were undeniably made because of the marital relationship, were not includable in Jessie's gross income under section *119 71 and, therefore, were not deductible by petitioner under section 215. Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩